Shalom Bayit, LLC, Respondent, 
against
Kalmon Glovin and Sara Glovin, Appellants, et al., Undertenants.




Kalmon Glovin, for appellants.
Poch & Luckow, P.C. (Howard Poch), for respondent.
Consolidated
 appeal from (1) an order of the Civil Court of the City of New York, Kings County (Marcia J. Sikowitz, J.), dated September 26, 2011, deemed, in part, from a final judgment of the same court entered September 26, 2011 (see CPLR 5512 [a]), and (2) a judgment of the same court (Bruce E. Sheckowitz, J.) entered November 20, 2012. The final judgment, entered pursuant to so much of the order as granted the branch of landlord's motion seeking summary judgment, awarded landlord possession and the sum of $7,773 in a holdover summary proceeding. The order, insofar as directly appealed from and as limited by the brief, granted the branch of landlord's motion seeking a hearing on attorney's fees. The judgment entered November 20, 2012, after a hearing on attorney's fees, awarded landlord the principal sum of $19,043.25.




ORDERED that so much of the appeal as is from the portion of the order dated September 26, 2011 that granted the branch of landlord's motion seeking a hearing on attorney's fees is dismissed; and it is further, 
ORDERED that the final judgment entered September 26, 2011 and the judgment entered November 20, 2012 are affirmed, without costs.
So much of the appeal from the order dated September 26, 2011 as is from the portion thereof that granted the branch of landlord's motion seeking a hearing on attorney's fees is dismissed because the right of direct appeal therefrom terminated with the entry of the judgment on November 20, 2012 (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the [*2]appeal from the judgment (see CPLR 5501 [a] [1]).
Landlord's motion for summary judgment in this holdover summary proceeding established that tenants had held over after the expiration of the tenancy. Even had tenants submitted evidence sufficient to raise an issue with respect to an option to renew the lease, which they failed to do, landlord submitted prima facie evidence that the lease had been properly terminated after the alleged exercise of the purported option. Accordingly, there is no merit to tenants' argument that landlord should not have been awarded summary judgment.
Furthermore, contrary to tenants' argument, the lease did not limit landlord's entitlement to collect attorney's fees to circumstances in which the "lease is terminated due to Tenant's default." Rather, the lease provides that tenants are "responsible for Landlord's reasonable attorney's fees for any dispossess, eviction or other proceeding caused in connection with this Lease," and that they were required to surrender the premises under the circumstances presented, which they failed to do. 
"The determination of a reasonable attorney's fee is generally left to the discretion of the trial court, which is often in the best position to determine those factors integral to the fixing of a reasonable fee" (Miller Realty Assoc. v Amendola, 51 AD3d 987, 990 [2008]). Here, having reviewed 10 bills for approximately 60 hours of work over the course of nearly two years, including almost 40 hours for court appearances and motion-related work, and having presided over a two-day hearing, the Civil Court determined that landlord was entitled to recover for approximately 54 hours of work. The court attributed most of the delays in the proceeding to tenants' litigation tactics. We see no basis in the record to disturb the Civil Court's determination. In addition, we reject tenants' arguments regarding the specificity of the bills.
Accordingly, the final judgment entered September 26, 2011 and the judgment entered November 20, 2012 are affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 09, 2018